## PELEAUMOKU (w) *v.* MAKANEOLE (k).

APPEAL FROM CIRCUIT JUDGE, FIFTH CIRCUIT.

SUBMITTED MARCH 23, 1908.         DECIDED MAY 15, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

DIVORCE—*collusion in prosecution of suit.*

> A libel for divorce brought at the instigation and for the benefit of the defendant upon his agreement to pay the plaintiff money is properly dismissed on the ground of collusion.

OPINION OF THE COURT BY BALLOU, J.

This is an appeal by the plaintiff from a decree of the circuit judge refusing and dismissing a libel brought by her to obtain a divorce from her husband on the ground of wilful and utter desertion for the term of three years. The libel was dismissed upon the ground "that the parties herein had connived and colluded together for the purpose of bringing the present suit."

The evidence showed that the parties were married in 1887 and lived at Wainiha in the district of Hanalei, Kauai, until

1893 when the defendant deserted his wife and went to live in adultery with a woman named Kua, with whom he has ever since lived at said Wainiha. The plaintiff had her husband and Kua arrested for adultery for which offense they were tried and convicted. Two children of the plaintiff and defendant, born prior to the desertion, are still living one with the plaintiff and the other with the defendant's relatives.

The defendant filed no answer and presented no defense. He was called by the plaintiff's attorney as a witness to the marriage. When recalled by the court he testified as follows:

"I don't mean to defy the law by living with a wahine manuahi. I came here by request of the attorney. After my divorce, I shall marry the woman I am living with. I helped to bring this suit with that object in view. I testified as to my marriage. Was brought here under a subpoena. Have had a talk with my wife that we should get this divorce and then I should marry Kua. I knew my wife was bringing this divorce. I asked my wife before she brought the suit, that if she brought this suit I could marry Kua. I went to her because I felt I was guilty in having deserted her. I offered to help her with money if she procured the divorce."

The plaintiff was recalled and testified: " I heard what my husband said just now that he would pay me some money if I obtained a divorce. That is true."

The question presented by this appeal is whether this agreement authorized the refusal of the divorce. While there is no statute expressly making collusion a ground for the dismissal of the petition in this case, this follows by necessary implication from R. L. Sec. 2234 providing for the procedure when collusion is suspected as well as from the general law relating to divorce which will govern in the absence of statute. *Kalua v. Kamaua*, 4 Haw. 58.

In the case at bar there was no collusion to present to the court false testimony in support of the libel, nor was it shown that there were any specific facts material to the defense which might have been brought forward by the respondent. The

question, therefore, is squarely raised whether collusion means an agreement to deceive the court by putting in false matter or suppressing material matter, or whether an agreement merely as to the prosecution of the suit and costs is collusion.

Bishop says: "If the suit is carried on by a plaintiff, not from any desire of his own to obtain the remedy, but for the benefit and at the request of the defendant, there are several principles which would lead to its dismissal. And, as already explained, this collusive resorting to the court for a real purpose other than the pretended one is, in a divorce case, one of the forms of collusion." Bishop, Marriage and Divorce, Sec. 29.

The case cited in the text (*Lloyd v. Lloyd,* 1 Swab. & Tr. 567), is similar to the case at bar except that there an agreement as to the procurement of evidence existed and emphasis was laid upon the thirtieth section of the English divorce act which provides, "That if the court shall find that the petition is presented or prosecuted in collusion with either of the respondents, then the court shall dismiss the said petition." A more recent English case, however, discusses this aspect of collusion upon broad principles and both its statement of the question presented and its ultimate conclusion may be quoted. In that case, which was a libel for adultery brought by a husband against a wife under circumstances substantially similar to the case at bar, the court says:

"The contest raised in this case as to the meaning of collusion proceeds on clear lines. On the one hand, it was urged that collusion is agreement either, on the positive side, to put forward true facts in support of a false case, or false facts in support of a true case; or, on the negative side, to suppress facts which would prevent, or tend to prevent, the Court granting a divorce. It was insisted that, in a suit against a wife, unless it be shewn that the petitioner's charge of adultery was in fact unfounded, or was supported by false evidence, or that material facts in support of defence or recrimination were concealed, there can be no collusion. On the other hand, it was maintained that collusion has a wider scope, and that if

there be an agreement to prosecute a suit which induces the petitioner to prosecute it, and, a fortiori, if such agreement contains terms providing for the petitioner's costs, and providing that the case shall not be defended and damages not asked, that is collusion, even though it be not shewn that adultery was not in fact committed, or any false facts put forward to prove it, and though no specific facts adverse to the success of the claim for divorce are shewn to have been concealed. There would seem, therefore, to be four questions that may be asked. First, is it collusion to procure the initiation and prosecution of a suit, and arrange the mode and terms of its conduct, by agreement, though there be no express stipulation that there shall be no defence, and no specific ground for suspicion that a false case is put forward or material facts concealed? Secondly, does the addition of a term that there shall be no defence render such an agreement collusion? Thirdly, is it collusion when, besides such an agreement, there is ground for suspicion that material facts may be concealed? Or, fourthly, is there collusion only when it is shewn that, in consequence of such an agreement, false matter has been introduced into the case or material facts suppressed?"

After a careful review of the English authorities both before and after the passage of the divorce act the court concludes:

"It must always be remembered that, on grounds of public policy, second, perhaps, to none in importance, the marriage status cannot however much the parties to it may otherwise desire, be altered, except on the fulfilment of certain conditions prescribed by law, conditions which relate to the conduct not only of the person against whom, but of the person by whom, relief is sought. * * * No doubt the protection to the Court, afforded by the mutual watchfulness of hostile parties, often does not exist, because the petitioner and the respondent may, independently of each other, be of the same mind. Against results of that unanimity no legislation can guard. But it may well be worth while to prevent the parties to a suit from binding themselves by an agreement which, if there be anything to hide, renders it obligatory on both of them to keep the veil drawn. At least, if a petitioner makes the institution of his suit and its proceedings a matter of bargain, stifling

defence and recrimination by a covenant of silence, he cannot wonder if the Court declines to be satisfied that it has before it all the material facts. Such a petitioner has mistaken his position. Pacem duello miscuit. He appears before the Court in the character of an injured husband asking relief from an intolerable wrong; but if, at the same time, he is acting in concert with the authors of the wrong, and is subjecting his rights to pecuniary stipulations, he raises more than a doubt whether, in the words of Lord Stowell, 'he has received a real injury and bona fide seeks relief.'" *Churchward v. Churchward* (1895), P. 7.

The reasoning and conclusions in this case commend themselves to our judgment. If in the case at bar the injured wife desires on her own account to be freed from her deserting husband, there is no objection to her filing a petition without any agreement on the part of the husband, but as long as it appears, as it does from the evidence in this case, that the suit is being prosecuted at the cost and instigation and for the benefit of the defendant the circuit judge in the discharge of the public duty confided to him was amply justified in dismissing the libel.

The decree appealed from is affirmed.

*S. K. Kaeo* for plaintiff.

No appearance for defendant.